AMERICAN AGRICULTURAL CHEMICAL COMPANY

*vs.*

HATTIE A. WALTON.

Waldo.    Opinion November 22, 1917.

*Rights of mortgagees of real estate in relation to title and possession of the mortgaged property.    Right of mortgagee to possession in absence of agreement or stipulation to contrary.    Rents and profits of mortgaged property.*

1.  In this State the legal title and right of possession of mortgaged real estate unless otherwise agreed, is in the mortgagee and so continue in him until a full and complete performance of the condition of the mortgage, or a tender equivalent thereto.

2.  In the absence of a stipulation to the contrary, either express or implied, the mortgagee is entitled to take possession of the mortgaged property at any time either before or after breach of condition.    But in such case if the mortgage is afterwards redeemed the mortgagee must account for the clear rents and profits.

3.  The right of the first mortgagee to take possession of the mortgaged premises was not affected in any way by the fact that the plaintiff as the secured mortgagee took possession of the premises in 1915.    The second mortgagee had no more right to hold possession of the premises against the first mortgagee than the mortgagor would have had if the second mortgage had not been given.

4.  The first mortgagee having the legal title and right to the possession of the mortgaged premises could lease it, subject, of course, to its being redeemed; and the evidence shows that he did lease it to the defendant on January 12, 1916 for one year at a rental of $100.

Action of replevin.    Defendant filed plea of general issue and also brief statement.    At close of evidence, by agreement of parties case was reported to Law Court for decision, upon so much of the evidence as legally admissible.    Judgment in accordance with opinion.

Case stated in opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Arthur Ritchie,* for defendant.

SITTING: CORNISH, C. J., SPEAR, KING, BIRD, HANSON, MADIGAN, JJ.

KING, J. This case comes before us on report. It is an action of replevin for about 30 tons of hay. The material facts, as we find them from the report, are these:

William Walton, husband of the defendant, on April 9, 1912, mortgaged his farm, on which the hay was cut, to L. N. Richards to secure $2500. Thereafter, on March 5th 1913, Mr. Walton mortgaged the same farm to the plaintiff. That second mortgage was foreclosed and the equity of redemption therefrom expired July 9th 1915. Immediately thereafter the plaintiff, through its attorneys, took possession of the farm and placed Mr. Walton in charge, making an arrangement with him to cut the hay for the year 1915, at the plaintiff's expense, and to care for and harvest the other crops at the halves. Walton cut the hay for the plaintiff, for which he was paid, and harvested the crops, turning over to the plaintiff its one-half thereof as agreed.

In November, 1915, Mr. Richards, the mortgagee of the first mortgage, began foreclosure of that mortgage by publication, the equity of redemption therefrom expiring November 4th, 1916. On the 12th of January, 1916, Mr. and Mrs. Walton still living on the farm, Mr. Richards, the mortgagee and holder of the first mortgage, gave a written lease of the farm to Mrs. Walton, the defendant, for the term of one year, at a rental of one hundred dollars payable October 10th, 1916, the lessee to pay the taxes. When that lease was given and accepted the Waltons told Mr. Richards that they could not redeem the mortgage, and that, so far as they could do so by parol, they would and did release to him their right to redeem.

April 8th 1916, the plaintiff, through its attorneys, wrote Mr. Walton inquiring if he would like to hire the farm of the plaintiff company for that year, to which no reply was made. Just before the haying season of 1916 the plaintiff's attorneys telephoned Mr. Walton "and asked him if he wouldn't take care of the gathering of the hay for us; and he then told me that the first mortgagee had leased the premises to his wife, and that he was going to cut the hay." The plaintiff notified Mrs. Walton that it claimed the hay on the farm for 1916 and should hold her responsible for it. But she cut

the hay claiming it under her lease, and the plaintiff has brought this action of replevin against her for that hay.   Is the action maintainable?   We think not.

In this State the legal title and right of possession of mortgaged real estate, unless otherwise agreed, is in the mortgagee and so continue in him until a full and complete performance of the condition of the mortgage, or a tender equivalent thereto.   *Stewart* v. *Davis*, 63 Maine, 539, 544; *Gilman* v. *Wills*, 66 Maine, 273; *Allen Co.* v. *Emerton*, 108 Maine, 221, 224.   In the absence of a stipulation to the contrary, either express or implied, the mortgagee is entitled to take possession of the mortgaged property at any time either before or after breach of condition.   *Brastow* v. *Barrett*, 82 Maine, 456; *Bank* v. *Wallace*, 87 Maine, 28; R. S., Chap. 95, Sec. 2.   But in such case, if the mortgage is afterwards redeemed, the mortgagee must account for the clear rents and profits.

Mr. Richards, the mortgagee in the first mortgage, had the right to take possession of the mortgaged premises at any time and receive the rents and profits.   His right to possession was not affected in any way by the fact that the plaintiff, as the mortgagee in the second mortgage, took possession of the premises in 1915.   Richards could take possession at any time against the mortgagor or against any one claiming under the mortgagor, and the plaintiff stood in the mortgagor's place.

That the first mortgagee exercised his right to take the possession of the mortgaged premises and receive the rents and profits there can be no doubt.   On January 12, 1916, he executed a lease of the premises to the defendant.   Having the legal title and right to the possession of the property he could lease it, subject, of course, to its being redeemed.   We can entertain no doubt from the report that Mrs. Walton had the possession of the premises under her lease from the first mortgagee from and after the time that lease was given to her in January, 1916.   If Mr. Walton had been, up to that time, in charge of the property for the plaintiff, after it took possession in July, 1915, it is plain that he yielded up the premises to Mr. Richards when the lease was given.   But had he objected, or had the plaintiff itself objected, to the first mortgagee taking possession, any such objection would have been futile.   Undoubtedly the second mortgagee had the right to take possession of the premises, as it did in 1915, and receive the rents and profits thereof, so long as the first mortgagee did not exer-

cise his right and take possession of the property. But when he did take possession he was entitled to receive all the rents and profit accruing thereafter, with the liability, of course, to account for them in case of redemption of his mortgage.

In the opinion of the court that is what happened in this case. In January, 1916, the first mortgagee asserted his right of possession of the mortgaged premises, and from that time his tenant, the defendant, was in possession of the property under her lease and had the right to the hay for 1916 which she harvested, and which is the subject of this action.

Accordingly the entry must be, ·

*Judgment for defendant and for
a return of the property.*